Filing # 105385262 E-Filed 03/24/2020 11:54:52 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**SARA BERRY,**

    **Plaintiff,**

v.

**RICHARD PRUDOM, in his official capacity as Secretary of the FLORIDA DEPARTMENT OF ELDER AFFAIRS, and the FLORIDA DEPARTMENT OF ELDER AFFAIRS,**

    **Defendant.**

_____/

CASE NO.: 20-CA-  2020 CA 000579
FLA BAR NO.: 0739685

# SUMMONS

CERTIFIED PROCESS SERVER # 067
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED 6-14-20 TIME 9:40

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **RICHARD PRUDOM, in his official capacity as Secretary of the Florida Department of Elder Affairs**
    **4040 Esplande Way**
    **Tallahassee, FL 32399**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____, 2020.

CLERK OF THE CIRCUIT COURT

By: _____  03/25/2020
Deputy Clerk

Filing # 105385262 E-Filed 03/24/2020 11:54:52 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**SARA BERRY,**

CASE NO.: 20-CA- 2020 CA 000579
FLA BAR NO.: 0739685

      **Plaintiff,**

v.

**RICHARD PRUDOM, in his official capacity
as Secretary of the FLORIDA DEPARTMENT OF
ELDER AFFAIRS, and the FLORIDA
DEPARTMENT OF ELDER AFFAIRS,**

      **Defendant.**

_____/

**SUMMONS**

CERTIFIED PROCESS SERVER # 007
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED 6-24-70   TIME 9:40

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **FLORIDA DEPARTMENT OF ELDER AFFAIRS**
    **c/o Secretary Richard Prudom**
    **4040 Esplande Way**
    **Tallahassee, FL 32399**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____, 2020.

CLERK OF THE CIRCUIT COURT

By: _____   03/25/2020
Deputy Clerk

|  | IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA |
|---|---|
| **SARA BERRY,** | CASE NO.: 20-CA- 2020 CA 000579 |
| Plaintiff, | FLA BAR NO.: 0739685 |

v.

**RICHARD PRUDOM, in his official capacity as Secretary of the FLORIDA DEPARTMENT OF ELDER AFFAIRS, and the FLORIDA DEPARTMENT OF ELDER AFFAIRS,**

　　Defendant.
_____/

## COMPLAINT

Plaintiff, SARA BERRY, hereby sues Defendant, RICHARD PRUDOM, in his official capacity as Secretary of the FLORIDA DEPARTMENT OF ELDER AFFAIRS, and the FLORIDA DEPARTMENT OF ELDER AFFAIRS and alleges:

## NATURE OF THE ACTION

1. This is an action brought under the Florida Whistleblower Act codified at Chapter 112, Florida Statutes, 42 U.S.C. §12101 et seq., the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes, and §440.205, Florida Statutes.

2. This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, SARA BERRY, has been a resident of the State of Florida and was employed by Defendant. Plaintiff became a member of a protected class

by reporting and disclosing Defendant's malfeasance, misfeasance and/or gross misconduct. Plaintiff was retaliated against because she reported Defendant's unlawful employment practices.

4. At all times pertinent hereto, Defendant, RICHARD PRUDOM, in his official capacity, has been the Secretary of the FLORIDA DEPARTMENT OF ELDER AFFAIRS ("DOEA"), at all times pertinent hereto. Defendant, at all times pertinent hereto, FLORIDA DEPARTMENT OF ELDER AFFAIRS, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant (referring to both Defendants) has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and with the Florida Commission on Human Relations. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, a protected whistleblower, was hired by Defendant on or about August 31, 2018, and held the position of OPS Government Operations Consultant I on or about on June 14, 2019, when Defendant wrongfully terminated her.

7. Despite stellar work performance while employed with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard on the basis of association with her daughter who is disabled, request for benefits under Chapter 440, Florida Statutes, and for reporting Defendant's unlawful employment activities and was subject to retaliation thereafter.

8. The disparate treatment and retaliation came at the hands of specifically but not limited to Bureau Chief of Elder Rights Catherine Anne Avery ("Avery"), Government Consultant II Pete Cohen, Communities for a Lifetime Program Manager Tracey Aittama ("Aittama"), and Director of Livable Communities Jeanne Curtin ("Curin").

9. Plaintiff is a single mother and caretaker to a nineteen-month-old daughter, Lilly June. Plaintiff's daughter receives full-time home nursing care due to her disability. Plaintiff also cares for her seventy-three-year-old mother who has dementia.

10. On December 5, 2018, Plaintiff was asked to write a statement that her supervisor, Catherine Avery, asked her to write about another employee, Angel Bradham, so that Avery could fire Bradham. She was also told to state that another employee, Laura Copeland, was not involved in the incident about which Plaintiff was asked to report. Plaintiff responded as directed as she did not believe at that time that Copeland was involved.

11. After she was requested to write this statement, in the latter part of 2018, Plaintiff lost her 18-month-old daughter's full-time (24 hours per day, 7 days per week) home nursing care. Two days later, Plaintiff submitted a request to Avery for two days of leave from work in order to secure new full-time care for her daughter. Avery implied Plaintiff should no longer work, alleging Plaintiff's difficulties in fulfilling duties due to her daughter's condition and conveying to Plaintiff statements like, but not limited to, "maybe this is not a good time for you to work."

12. Avery implied Plaintiff ought to quit to stay home with her children, with a husband providing for the family. Plaintiff indicated that as a single mother that option was unavailable to her.

3

13. Thereafter, Avery told Plaintiff that she could not travel due to care required for Plaintiff's 18-month-old daughters' disability, requiring full-time nursing care at home to keep her stable.

14. Defendant also began denying Plaintiff opportunities such as, but not limited to, travel, teleconference participation, meetings with senior center staff and the Florida Association of Senior Centers, and participation in events.

15. Copeland, another worker in a similar position to Plaintiff but hired after Plaintiff, was permitted significantly more travel. Whereas Plaintiff and Copeland were originally envisioned to develop skills together by participating in similar training, Plaintiff was permitted by Defendant to attend only one training event.

16. In approximately late January 2019, employee Christine Didion, then-overseeing the Dementia Care and Cure Initiative, left employment with DOEA. Administration over this program was then given to Copeland. Avery selected Copeland for the position before advertising the vacancy or even considering other or more qualified candidates, including, but not limited to, Plaintiff.

17. Plaintiff then stated her interesting in applying for Copeland's former position as Government Consultant II, and she was proven qualified through her training and experience. Plaintiff inquired with Avery about the position and Avery made clear that Plaintiff was eligible and welcome to apply. Plaintiff applied for the position.

18. The Government Consultant II vacancy was advertised, with preference given to current DOEA employees. Avery never informed Plaintiff about any opportunity to interview, however, telling Plaintiff, she "could not handle running an initiative."

4

19. Copeland later informed Plaintiff that her former coworker and friend, "Dottie", would be applying and that Avery had decided to hire Dottie for the position over Plaintiff. Upon information and belief, Plaintiff was more qualified than Dottie for this position.

20. On or around May 6, 2019, Plaintiff returned to the office after a three-day absence due to her daughter's emergency surgeries.

21. Soon after her arrival on May 6, 2019, Avery called Plaintiff into her office and confronted Plaintiff regarding complaints from coworkers alleging Plaintiff frequently was not doing work. Avery claimed Aittama reported that Plaintiff lacked attention to detail and failed to perform all of her duties. This allegation was false. However, Plaintiff was out of the office due to caring for her disabled daughter which, Plaintiff believes, was held against her by her supervisors and coworkers.

22. Avery concluded by notifying Plaintiff that Christna Hoffman would replace Plaintiff in her newsletter assignments. Avery attempted to justify the decision claiming Hoffman held relevant certifications from high school, to which Plaintiff rebutted and attempt to retain the duties, emphasizing her more extensive experience and certifications.

23. Avery did not change her mind and additionally instructed Plaintiff that she is to not speak to anyone at work unless on break.

24. Following the meeting, Plaintiff was once again denied her request for a replacement computer and her access to Adobe InDesign was terminated.

25. On or around May 7, 2019, Avery emailed Plaintiff regarding the previous meeting. Plaintiff informed Avery that she wished to speak to Human Resources regarding the allegations of Plaintiff's behavior at work.

26. Due to the events set forth above and others that had occurred in the workplace, Plaintiff placed her concerns in writing through a seven page report that was sent to the Defendant's Human Resources Office, the Defendant's Chief of Staff Carol Carr, Deputy Greg Unguru and Defendant's Secretary Richard Prudom. In this report, Plaintiff reported all of the issues set forth above.

27. On or around June 14, 2019, Avery instructed Plaintiff to finish packing up boxes for AHCA.

28. Later that day, Avery asked Plaintiff into her office. Avery and Plaintiff discussed Plaintiff completing her tasks by the end of the day. Avery then detailed an opportunity to train under a Program Administrator (Senior Volunteers) before they retire to gain experience.

29. Avery then inappropriately implied that Plaintiff's lack of professional advancement was due to the burdens imposed by Plaintiff's daughter's care requirements, suggesting Plaintiff must make "hard choices" for the sake of her career.

30. Returning to her task, Plaintiff was injured while lifting a heavy box. Plaintiff reported this on the job injury seeking possible medical assistance. Instead, she was instructed to continue her work and that others would soon come help move the rest.

31. Shortly thereafter, Avery called Plaintiff into her office and presented Plaintiff with an ultimatum of either voluntarily resigning or being involuntarily terminated.

32. When Plaintiff inquired about why she was being terminated, Curtin told her that no reason was necessary. Plaintiff asked to call her attorney before making a decision but was denied her request.

33. Plaintiff was then coerced to sign the letter of resignation she was presented under duress.

34. Plaintiff was subjected to disparate treatment whereas other employees such as, but not limited to, Aittama, Copeland, Hoffman and Allison Bryant, all received more favorable treatment.

35. Following Plaintiff's termination, Hoffman, who was also the daughter of the Chief Financial Officer, assumed Plaintiff's position. Hoffman was hired before she graduated high school and had no previous office experience.

36. Every time Plaintiff returned to work after leave to attend to a medical appointment or emergency regarding her disabled daughter, she faced some adverse action at work.

37. Avery incessantly questioned Plaintiff's job performance without justification due to Plaintiff's child who has a serious medical condition. Avery alleged that Plaintiff would be unable to perform any full-time job while caring for a disabled child with such a severe medical condition.

38. Plaintiff has retained the undersigned to represent their interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

### COUNT I
### PUBLIC WHISTLEBLOWER RETALIATION

39. Paragraphs 1 through 38 above are incorporated herein by reference.

40. This count sets forth a claim against Defendant under §112.3187, et seq., Florida Statutes.

41. Plaintiff was a public employee protected under the provisions of Chapter 112, Florida Statutes.

42. As stated more specifically in part above, Plaintiff reported and disclosed violations of rules, regulations and laws, and/or malfeasance, misfeasance and/or gross misconduct to persons

both inside and outside of the normal chain of command, and to others having the authority to investigate, police, manage and otherwise remedy the violations of rules, regulations and laws that she reported. Plaintiff also disclosed this information when she participated in investigations, hearings, or other agency inquiries. Plaintiff reported malfeasance, misfeasance, and other acts specifically outlined in §112.3187(5), Florida Statutes.

43. After reporting these matters and/or participating in investigations, hearings, or other agency inquiries, as related in part above, Plaintiff was the victim of retaliatory actions set forth in part above including without limitation missed opportunities for promotions, hostility from superiors, and an attempt to fire her for any cause.

44. Plaintiff's termination was as a result of Plaintiff reporting Defendant's violations of rules, regulations or laws, and/or reporting malfeasance, misfeasance or gross misconduct, and/or participating in investigations, hearings or other inquiries, specified in part above.

45. The actions of all employees within Defendant who affected Plaintiff's employment adversely did so at least in part in retaliation against Plaintiff for protected "whistleblowing" activities.

46. As a direct and proximate result of Defendant's actions against Plaintiff, Plaintiff has suffered injury, including but not limited to past and future wage losses, loss of benefits, emotional pain and suffering, loss of the capacity for the enjoyment of life and other tangible damages. These damages have occurred in the past, are occurring at present and will occur in the future. Plaintiff is entitled to injunctive relief.

## COUNT II
## DISABILITY DISCRIMINATION

47. Paragraphs 1 through 38 are realleged and incorporated herein by reference.

48. This is an action against Defendant Purdom for disability discrimination brought under 42 U.S.C. §12101 et seq.

49. Plaintiff has been the victim of discrimination on the basis of disability or perceived disability of her daughter. During the course of Plaintiff's employment with Defendant, Plaintiff was treated differently than similarly situated employees without children with such disabilities.

50. Defendant is liable for the differential treatment of Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

51. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

52. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

53. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or record of having an impairment under Americans with Disabilities Act.

54. As a direct and proximate result of Defendant's conduct described above, Plaintiff is entitled to prospective injunctive relief and attorneys fees. She is not seeking damages under this count.

## COUNT III
## RETALIATION – SECTION 440.205

55. Paragraphs 1 through 38 are re-alleged and incorporated herein by reference.

56. This is an action against Defendant for retaliation under §440.205, Florida Statutes. At all times pertinent hereto, Defendant has been subject to Chapter 440, Florida Statutes.

57. Plaintiff was employed with Defendant when the work-related injury was sustained. Plaintiff sought compensation and/or benefits including without limitation medical care under Chapter 440, Florida Statutes and was retaliated against for making or attempting to make such a claim.

58. Defendant retaliated against Plaintiff after Plaintiff was injured while performing tasks at the direction, for the benefit of, or otherwise within the scope of employment with Defendant and because Plaintiff had a valid claim for compensation and benefits under Chapter 440.

59. Defendant's actions set forth above violate §440.205, Florida Statutes, which prohibits an employer, such as Defendant, from coercing, retaliating against or otherwise adversely affecting an employee who attempts to or does claim entitlement to workers compensation benefits under the laws of the State of Florida.

60. As a direct and proximate cause of the actions set forth in part above, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day. Plaintiff is also entitled to injunctive/equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

10

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff awarding all legally-available damages for emotional pain and suffering to Plaintiff from Defendant for Defendant's violations of law enumerated herein.

(e) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(f) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(g) award Plaintiff interest where appropriate; and

(h) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 24th day of March 2020.

        Respectfully Submitted,

        /s/ Marie A. Mattox
        Marie A. Mattox [FBN 0739685]
        MARIE A. MATTOX, P.A.
        203 N. Gadsden Street
        Tallahassee, FL 32301
        Telephone: 850-383-4800
        Facsimile: 850-383-4801
        marie@mattoxlaw.com
        Secondary emails:
        marlene@mattoxlaw.com
        michelle@mattoxlaw.com

        **ATTORNEYS FOR PLAINTIFF**